**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ryan Joseph Proper,<br><br>Petitioner,<br><br>v.<br><br>Phoenix City Prosecutor's Office,<br><br>Respondent. | No. CV-18-03026-PHX-SRB<br><br>**ORDER** |

The Court now considers Petitioner Ryan Joseph Proper ("Petitioner")'s Second Amended Petition ("SAP") for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 7, Sec. Am. Pet.). The matter was referred to Magistrate Judge Eileen S. Willett for a Report and Recommendation. (Doc. 41, R. & R.)

**I.   BACKGROUND**

   **A.   Factual Background**

The background of this case was thoroughly summarized in the Report and Recommendation and is incorporated herein:

> In July 2014, Petitioner was charged with violating ARIZ. REV. STAT. § 28-1381(A)(1) (driving under the influence if impaired to the slightest degree) and ARIZ. REV. STAT. § 28-1381(A)(3) (driving under the influence with a drug or metabolite in the person's body). (Doc. 36-1 at 2). As recounted by the Superior Court of Arizona:
>
> > The charges were the result of a three car collision that occurred on May 20, 2014. The vehicle Defendant was driving rear-ended another vehicle, which caused that vehicle to rear-end vehicle in front of it. (*Id.* at 2).

> Defendant was transported to the hospital where he consented to a blood draw. Defendant informed the officer that he had taken a Valium that morning and had consumed one beer with his lunch. Testing of Defendant's blood later revealed the presence of five drugs/metabolites: Alprazolam, 7-Aminoclonazepam, Diazepam, Nordiazepam, and Oxazepam. Defendant also had a BAC of .038.
>
> (*Id.* at 2.) Following trial, a jury sitting in the Phoenix Municipal Court convicted Petitioner of driving with a drug or its metabolite in violation ARIZ. REV. STAT. § 28-1381(A)(3). (*Id.*). The Phoenix Municipal Court sentenced Petitioner to ten days in jail, followed by a three-year term of probation. (*Id.*). On May 19, 2015, the Phoenix Municipal Court suspended the imposition of nine days in jail upon Petitioner's successful completion of substance abuse screening. (*Id.*). Petitioner filed an appeal in the Superior Court of Arizona in and for Maricopa County. (*Id.* at 7–11).
>
> On March 25, 2016, Petitioner filed a Notice of Post-Conviction Relief ("PCR") in the Phoenix Municipal Court. (*Id.* at 37). Following briefing, the Phoenix Municipal Court denied PCR relief. (*Id.* at 73). Petitioner filed a Petition for Review in the Superior Court. (*Id.* at 75–88). The Superior Court granted review, but denied relief. (*Id.* at 115–17). Petitioner filed a Petition for Special Action in the Arizona Court of Appeals. (*Id.* at 119–34). The Court of Appeals declined to exercise jurisdiction. (*Id.* at 136). The Arizona Supreme Court denied review of the Court of Appeals' denial. (*Id.* at 156).
>
> On September 25, 2018, Petitioner initiated this federal habeas proceeding. (Doc. 1). Pursuant to the Court's Screening Order (Doc. 11), Respondents have answered the Second Amended Petition (Doc. 7). (Doc. 36). Petitioner has filed a Reply (Docs. 37, 38).

(R. & R. at 1–2.)

### B. Procedural Background

On April 3, 2020, the Magistrate Judge filed her Report and Recommendation recommending that Petitioner's SAP be dismissed with prejudice. (*Id.* at 10.) Petitioner timely objected on April 17, 2020.[1] (*See* Doc. 42, Obj. to R. & R. ("Obj.").)

## II. LEGAL STANDARD

---

[1] On May 7, 2020, the Court denied Petitioner's Motion to Enlarge Page Limits (Doc. 43) and Motion [for] Leave to File Excess Pages Re: Supplemental Objection to Report and Recommendation (Doc. 44). (Doc. 46, 05/07/20 Order.)

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all portions not objected to. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For those portions of a Magistrate Judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress . . . intended to require a district judge to review a magistrate's report to which no objections are filed."); *Reyna–Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise.").

### III. OBJECTIONS

Petitioner objects to the Report and Recommendation on two grounds. (*See* Obj.) First, Petitioner objects to the conclusion that his claims were untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). (*See id.* at 2–7.) Second, Petitioner objects to the Magistrate Judge's "analysis of the weight of evidence presented at trial and upon the SAP," arguing that he has satisfied his burden of producing "new reliable evidence" of his actual innocence. (*See id.* at 7–10.) The Court considers each objection in turn.

#### A. Objection One

The AEDPA requires that a federal habeas petition be filed within one year of a final state court conviction. 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The one-year limitations period, however, is subject to the AEDPA's statutory tolling provision whereunder the limitations period is tolled for the "time during which a properly filed application for State [PCR] or other collateral review with respect to the pertinent judgment or claim is pending."

*Id.* § 2244(d)(2); *see Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006). The AEDPA's statute of limitations is also subject to equitable tolling, but only if "extraordinary circumstances" beyond a prisoner's control make it impossible for him to file a timely petition. *Roy*, 465 F.3d at 969; *see Holland v. Florida*, 560 U.S. 631, 649 (2010) (reiterating "extraordinary circumstances" requirement).

The Magistrate Judge concluded that "unless statutory or equitable tolling applies, Petitioner's one-year deadline to file a federal habeas petition expired on June 23, 2017, rendering this proceeding initiated in September 2018 untimely."[2] (R. & R. at 5.) Petitioner does not dispute that equitable tolling is unavailable, but maintains that statutory tolling applies. (*Id.* at 7–8; *see* Obj. at 2–7.) The Magistrate Judge found that the one-year statute of limitations began running on June 24, 2016. (R. & R. at 6.) But because Petitioner filed a PCR Notice on March 25, 2016—before his conviction became final—the limitations period was immediately tolled when his conviction became final on June 23, 2016. (*Id.*) On May 12, 2017, the Superior Court affirmed the Phoenix Municipal Court's denial of PCR relief; at that point, Arizona law prohibited Petitioner from seeking further review by the Arizona Court of Appeals or Arizona Supreme Court. (*See id.* (citing A.R.S. § 22-375)).

The Magistrate Judge determined that: (1) the PCR proceeding concluded on May 12, 2017; (2) the limitations period recommenced on May 13, 2017; and (3) Petitioner had until May 13, 2018 to file his federal habeas petition. (R. & R. at 7.) Rejecting Petitioner's argument that his Petition for Special Action filed in the Arizona Court of Appeals (and subsequent Petition for Review to the Arizona Supreme Court) tolled the limitations period, the Magistrate Judge concluded that Petitioner untimely initiated the instant federal habeas proceeding on September 25, 2018. (*Id.* at 6–7.) For the following reasons, the Court agrees.

In Arizona, a petition for special action is the equivalent of a petition for writ of

---

[2] Petitioner does not object to the June 23, 2017 expiration date. (Obj. at 2 (incorrectly stating that expiration date is June 23, 2016).)

mandate.³ Ariz. R.P. Special Actions 1, 17B Ariz. Rev. Stat. Because a petition for special action is not a request for collateral review, it does not toll AEDPA's statute of limitations. *Borrud v. Ryan*, No. CV-15-08043-PHX-SPL, 2017 WL 1057965, at *4 (D. Ariz. Mar. 21, 2017); *see Hardiman v. Galaza*, 58 F. App'x 708, 710 (9th Cir. 2003) (stating that petitions for writ of mandate do not toll limitations period because they are not applications for State PCR or other collateral review with respect to pertinent judgment or claims under § 2244(d)(2)).

The Court is not otherwise persuaded by Petitioner's conclusory reference to *Gaston v. Palmer*.⁴ Petitioner states that *Gaston* "sets forth the proper analysis and standards confirming that [Petitioner's] special action petition and petition for review seeking continuing 'up the ladder' collateral review" are "properly included within the tolling statute." (Obj. at 6–7.) First, simply stating that a cited case reflects the "proper analysis and standards" does not constitute legal analysis. Second, *Gaston* involves PCR proceedings in California state court—a system that the Ninth Circuit has referred to as "not a typical 'appeal' state," and the U.S. Supreme Court has referred to as "unique." *Gaston*, 417 F.3d at 1036 ("California is not a typical 'appeal' state."); *Carey v. Saffold*, 536 U.S. 214, 227 (2002) (Kennedy, J., dissenting) ("On the Court's view, California's procedures are 'unique,' . . . so giving them special treatment under the statute will affect only that one State."). Petitioner's first objection is overruled, and the Report and Recommendation is adopted with respect to its conclusion that statutory tolling does not apply.

### B.  Objection Two

Petitioner objects to the Magistrate Judge's "failure to specifically make and/or affirm findings regarding the sworn testimony and uncontested evidence at trial establishing the concentrations of the drugs/metabolites in Petitioner's blood, and the appropriate inferences to made therfrom." (Obj. at 8.) Petitioner claims that "uncontested

---

³ Petitioner's argument that "the 'special action' proceeding at issue . . . is not the equivalent of a 'writ of mandate'" is simply incorrect. (*See* Obj. at 5–6.)
⁴ 417 F.3d 1030 (9th Cir. 2005), *modified*, 447 F.3d 1165 (9th Cir. 2006).

- 5 -

scientific evidence and sworn testimony conclusively establish[]" a factual defense to his charge under A.R.S. § 28-1381(D). (*Id.*) Petitioner claims that uncontested evidence shows that he was "properly using [] medications as 'therapeutically' prescribed by a licensed physician." (*Id.* at 9.) Petitioner also claims that his court-appointed attorney "failed to introduce or enter into evidence additional physician and pharmacy records conclusively proving the existence of valid and current prescriptions" for Klonopin and Xanax.[5] (*Id.*) Relying on this "new" evidence, Petitioner argues that he can pass through the "actual innocence" or *Schlup*[6] gateway. (*Id.* at 7); *see McQuiggin v. Perkins*, 569 U.S. 383, 391–98 (2013) (holding that actual innocence or *Schlup* gateway to federal habeas review that applies to procedural bars also applies to time-barred petitions under AEDPA).

Petitioner is wrong. First, under *Schlup*, the evidence presented must be "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The actual innocence exception, which Petitioner invokes, is confined to a highly limited category of cases: "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. But the record reflects that Petitioner testified at his trial that he was taking all of the prescription drugs found in his blood as prescribed by his doctor. (Doc. 38-1, Ex. 1, R. Appeal Ruling/Remand ("Appeal Ruling") at 1 ("[Petitioner] testified that he was taking all of the prescription drugs (Valium, Xanax, and Klonopin) found in his blood as prescribed by his doctor.").) And Petitioner's court-appointed attorney made a strategic decision not to enter the "additional records" into evidence because they contained too much prejudicial information. (Doc. 7-5, Ex. 5, Ruling on PCR Review at 3 ("[Petitioner] failed to provide evidence to support his claim that his trial counsel's decision to not provide the jury with all his medical documentation, was not a strategic decision to shield [him] from any bias

---

[5] "At trial, Petitioner's court appointed attorney [] entered into evidence certified records from a licensed physician demonstrating that Petitioner had a valid and current prescription for one of the medications (Valium) found in his bloodstream." (Obj. at 9.)
[6] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

or prejudice that jurors may have inferred from his prescription history.").)

Second, Petitioner's Objections fail to mention that at the time of the accident, Petitioner had a BAC of 0.038. (Appeal Ruling at 1; Doc. 45, Reply to Obj. ("Reply") at 7.) Further, following the accident, Petitioner was transported to a hospital where a blood test revealed the presence of *five* drugs/metabolites—Alprazolam, 7-Aminoclonazepam, Diazepam, Nordiazepam, and Oxazepam. (Appeal Ruling at 1; Reply at 7.) From these facts alone, a reasonable jury could have concluded that Petitioner was not using his three prescription medications as prescribed. Because Petitioner has failed to provide "new reliable evidence" of his innocence, the Court concludes that he cannot pass through the actual innocence gateway. Petitioner's second objection is overruled, and the Report and Recommendation is adopted with respect to its conclusion that the actual innocence exception does not apply.

**IT IS ORDERED** overruling the Objections to the Magistrate Judge's Report and Recommendation (Doc. 42).

**IT IS FUTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 41).

**IT IS FURTHER ORDERED** denying and dismissing Petitioner's Second Amended Petition for Writ of Habeas Corpus with prejudice (Doc. 7).

**IT IS FURTHER ORDERED** denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find that procedural ruling debatable.

. . .

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 15th day of June, 2020.

_____
Susan R. Bolton
United States District Judge